**Adrian SETYADI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Jeny Satia Negoro, Petitioner,**

v.

**Alberto R. Gonzales,\* Attorney General, Respondent.**

**Nos. 03–74319, 03–74330.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.\*\*

Decided May 19, 2005.

Gail A. Dulay, Esq., San Diego, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Richard M. Evans, Esq., Paul Fiorino, Esq., Issac R. Campbell, DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, for Respondents.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM \*\*\*

On the record as a whole, there is substantial evidence that supports the conclusion that Petitioners did not suffer past persecution,[1] and the evidence does not compel a finding that Petitioners have a well-founded fear of persecution if they return to Indonesia.[2]

Petitioners have not shown any particularized individual risk of persecution. This case differs from *Lolong v. Gonzales*,[3] in that only ethnicity, not religion, is claimed to give rise to a risk of persecution. Both Petitioners have returned to Indonesia many times, and both have family members who voluntarily continue to live in Indonesia.[4] Although Petitioners have ex-

---

**3.** *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**4.** *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004) (per curium).

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**1.** *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003).

**2.** *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

**3.** *Lolong v. Gonzales,* 400 F.3d 1215 (9th Cir. 2005).

**4.** *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

perienced, and may experience, harassment and discrimination because of their ethnicity, they have not demonstrated that their past, or likely future, harms would rise to the level of persecution.

Because Petitioners have not established eligibility for asylum, they necessarily cannot meet the more stringent standard for withholding of removal.[5]

PETITIONS DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.